

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-13-00270-CV

Leticia R. **BENAVIDES**,
Appellant

v.

Shirley Hale **MATHIS**, Individually and as Temporary Guardian of
the Person and Estate of Carlos Y. Benavides, Jr., an Incapacitated Person,
Jesus Guillen, and Julio A. Garcia, Jr.,
Appellees

From the County Court at Law No. 2, Webb County, Texas
Trial Court No. 2011-PB6-000081-L2
Honorable Jesus Garza, Judge Presiding

Opinion by:     Rebeca C. Martinez, Justice

Sitting:        Marialyn Barnard, Justice
                Rebeca C. Martinez, Justice
                Patricia O. Alvarez, Justice

Delivered and Filed:  March 26, 2014

AFFIRMED

This is one of several related appeals arising out of litigation brought by Leticia R.

Benavides seeking recovery of her purported community property interest in funds received by a

temporary guardian on behalf of her husband, Carlos Y. Benavides, Jr., an incapacitated person.

In a recent opinion, a panel of this court held that the income distributions from the Benavides

Family Mineral Trust (the "Trust") to Carlos's estate are his separate property in which Leticia has

no ownership interest. *Benavides v. Mathis*, No. 04-13-00186-CV, 2014 WL 547904 (Tex. App.—

San Antonio Feb. 12, 2014, no pet. h.).  In view of that holding, we affirm the trial court's summary judgment in favor of appellees.

## BACKGROUND AND PROCEDURAL HISTORY

The Trust was created in 1990, well before Carlos and Leticia married in 2004.  There are no children from their marriage; however, Carlos has three adult children from a prior marriage.  In September 2011, Carlos's three adult children instituted a guardianship proceeding based on his lack of capacity.  Leticia contested the claim of incapacity.  On October 14, 2011, the trial court found that Carlos had become incapacitated and appointed Shirley Hale Mathis as temporary guardian of Carlos's person and estate.[1]  The court also appointed Jesus Guillen as temporary attorney ad litem and Julio Garcia, Jr. as temporary guardian ad litem.  In her capacity as temporary guardian, Mathis began receiving the monthly income distributions from the Trust that are paid to Carlos as a participating beneficiary.

In October 2012, Leticia sued Mathis, individually and in her capacity as temporary guardian, Guillen as attorney ad litem, and Garcia as guardian ad litem, seeking recovery of her community interest in all court-ordered attorney's fees and expenses paid to them out of the Trust distributions received by Mathis on behalf of Carlos's estate.  Leticia complained that she was not served with notice of their applications for payment, and that the trial court did not set each matter for hearing and, in some instances, awarded more fees and expenses than requested.  She asserted claims for breach of fiduciary duty, money had and received, and theft, as well as claims for civil conspiracy, participatory liability-assisting or encouraging, and participatory liability-assisting and participating.  Each of the defendants filed a traditional and a no-evidence summary judgment

---

[1] One of Carlos's daughters was subsequently appointed permanent guardian of Carlos's person, and Mathis is now the permanent guardian of his estate.

motion based on Leticia's lack of standing to sue for breach of a fiduciary duty owed only to her husband and lack of an ownership interest in funds received by Carlos's estate. In a general order dated March 25, 2013, the trial court granted both summary judgment motions filed by each defendant, thereby disposing of all of Leticia's claims against the defendants. The court severed the summary judgment and it became an appealable final judgment. Leticia now appeals, asserting the trial court erred in granting summary judgment on her three substantive claims for breach of fiduciary duty, money had and received, and theft because she has an ownership interest in the money paid out of Carlos's Trust income for attorney's fees and expenses to Mathis, Guillen, and Garcia.

## ANALYSIS

All of Leticia's causes of action are premised on her assertion that she has a community property interest in the Trust funds received by Carlos, or by Mathis on his behalf, during their marriage. However, in a recent opinion in a related case between Leticia and Mathis, this court held that the Trust distributions to Carlos, and to Mathis on his behalf, are not community property, but rather are Carlos's separate property. *See Benavides*, 2014 WL 547904, at *6. Noting that an ownership interest by Leticia in the Trust funds was essential to both her claims, this court affirmed the traditional and no-evidence summary judgment granted in favor of Mathis on Leticia's tortious interference with contract and money had and received claims. *Id.* at *1 n.3. In doing so, this court stated, "in this case the propriety of the trial court's ruling on both [traditional and no-evidence summary judgment] motions depends on the answer to a single question: are the trust distributions to Carlos community property or separate property." *Id.* at *1. This court answered that question by analyzing the character of the Trust distributions, reasoning that because the Trust is irrevocable and Carlos has no present, possessory right to any part of the corpus, the income distributions from the Trust are his separate property as a matter of law. *Id.* at *3-6.

Likewise, Leticia's claims against Mathis, Guillen, and Garcia for recovery of fees and expenses paid out of the Trust distributions are all premised on Leticia having an ownership interest in the Trust funds received by Carlos's estate. Without an ownership interest in the Trust funds paid to Mathis on behalf of Carlos, Leticia does not have standing and cannot establish an essential element of her claims for breach of fiduciary duty, money had and received, and theft. *See Camp Mystic, Inc. v. Eastland*, 390 S.W.3d 444, 458 (Tex. App.—San Antonio 2012, pet. granted, remanded by agr.) (existence of fiduciary relationship between plaintiff and defendant is element of breach of fiduciary duty claim); *In re Guardianship of Archer*, 203 S.W.3d 16, 22-24 (Tex. App.—San Antonio 2006, pet. denied) (relative had no standing to sue for breach of fiduciary duty owed to ward, not the relative); *Benavides*, 2014 WL 547904, at *1 n.3 (plaintiff's ownership interest in the proceeds is essential to equitable claim to recover money had and received); *see also* TEX. CIV. PRAC. & REM. CODE ANN. §§ 134.001-.005 (West 2011 & Supp. 2013) (Theft Liability Act); TEX. PENAL CODE ANN. § 31.03(a) (West Supp. 2013) (claim under the Theft Liability Act requires ownership interest in the property unlawfully appropriated). Therefore, as in this court's recent *Benavides* opinion, Leticia's claims in this case also stand or fall based on the characterization of the Trust distributions as community or separate property. Having already determined the Trust distributions are Carlos's separate property, we need go no further. For the reasons outlined in this court's prior opinion, we reiterate our conclusion that as a matter of law all distributions from the Trust, including the fees and expenses paid to appellees, are Carlos's separate property, and are not community property. *See Benavides*, 2014 WL 547904, at *6. As all of Leticia's arguments are based on her premise that the Trust distributions are community

property and that she therefore has a community property interest in the funds, our holding that the distributions are separate property disposes of all her issues on appeal.[2]

Based on the foregoing reasons, we hold the trial court properly granted summary judgment in favor of Mathis, Guillen, and Garcia on all of Leticia's claims. Accordingly, we affirm the trial court's judgment in favor of appellees.

Rebeca C. Martinez, Justice

---

[2] Due to the disposition of Leticia's other appellate issues based on our holding that the Trust distributions are not community property, we need not address her arguments regarding Texas Probate Code sections 645A and 883(c), or her argument that the Premarital Agreement and related documents are incompetent summary judgment evidence. *See* TEX. PROB. CODE ANN. §§ 645A, 883 (West Supp. 2013).